The opinion of the court was delivered by

Mr. Justice. Bay.

This is not so much a case of importance on account of the sum depending on the opinion of the court, as it is in principle, involving the responsibility of the sheriffs of the state. The law supposes that one who undertakes any office or employment, trust or duty, either of a public or private nature, contracts with those who employ him or entrust him to perform it with integrity, diligence and skill; and if by his want of either of those qualities, any injury accrues' to individuals, they have therefore their remedy in damages, by a special action on the *359 cuso. By the law, every sheriffis obliged to execute every writ aud process directed to him by lawful authority with all conve-vient expedition, as soon after he receives it as the nature of the thing will admit of; and as on the one hand, he is not to show any favor or he guilty of any unreasonable delay; so on the other hand, he must not he guilty of any unnecessary rigour or oppression. Dalt. Shff. 109; 6 Bacon, 168.
Having laid down these few general out lines respecting the nature and duty of the office of sheriff, I shall proceed to consider the principles of the case under consideration. In this case then, it appears that two executions were taken out and lodged in the office at the same time, viz. a fi. fa. and a ca. sa., with orders from the plaintiff’s attorney to proceed on the fi. fa, in the first instance. Formerly these two executions could not be taken out at the same time against the defendant, for lord chief baron Gilbert lays it down in his law of executions, p. 71, that the capias is instead of the fieri facias, and if the fieri, facias issues first, no capias ought to issue, because the debt may be satisfied by the fieri facias and then he ought not to have a pledge in his hands from whence he is to have other satisfaction. .haw of Executions', 71, for this in fact would be putting it in the plaintiff’s power to obtain double satisfaction. But in process of time, the courts permited the plaintiff, for his own security, to take out two writs, the fi. fa. and the ca. sa. at the same time, but permitted him to execute but one of them. 8 Modern, 302. He is bound to make his election, for where a plaintiff proceeded on both at the same time, both were quashed and set aside. 1. Camp, 334; 1. Vesey, 194; Borne's notes, 198. Now in the present case, it appears that the plaintiff’s attorney, when he lodged the executions in the office, did make his election, by giving orders to the sheriff to proceed on the fi. fa. and further, that the sheriff did promptly and without delay proceed upon this fi. fa. by making a levy onthe defendant’s goods in his store, for the purpose of satisfying that execution. It is true that the goods levied upon did not pay off all the demands against .the defendant, but the sheriff appropriated the proceeds to the-, satisfaction of prior executions, as by the Law he was bound *360 to do. While these proceedings were in transitu under the fi. fa. and before any returns could be made on the fi. fa. at the suit of the plaintiffs, and before the goods were sold, the plaintiffs’ attorney called at the sheriff’s office and countermanded the proceedings under the fi. fa. and gave directions to the sheriff to proceed upon the ca. sa. against the body of defendant. In the mean time however, the defendant died and paid his last debt about the middle of September, a little more than one month after these executions were lodged, and long before the return day to the Court of Common Pleas had come round, and it was admitted on all sides that he died in insolvent circumstances. At this stage of the case, a question arises under this novel practice of the courts, in allowing two executions to be taken out and lodged in the sheriff’s office at the same time; and that is, whether a sheriff is to be liable to the whims and caprices of every plaintiff who thinks proper to lodge two executions against a defendant at the same time, by-changing the directions from proceeding on the one to the other, as he may think proper to direct; or whether he is bound to follow the first and original orders of the plaintiff, when they are lodged, until the result is known. It must be recollected that this double remedy was unknown to the ancient principles of the common law, and since its introduction by the permission of the courts of justice, it is confined to one or the other remedy tit the same time only, and in my opinion both cannot be used together; so that when one is made use of for recovery or satisfaction of the plaintiffs demand, the other is quiescent or inoperative till the result of the other is known; which never can be determined till the return of the sheriff at the court to which they are made returnable. If the plaintiff proceeds on his ca. sa. and takes the body of defendant, that is the highest satisfaction, and he shall never have any further execution against him, unless he dies in gaol; then, on reviving the judgment, he may have a fi. fa. against his goods and chattels, if any are to be found. But if on the other hand, he proceeds by fi. fa. in. the first instance, and levies on defendant's goods and chattels, he shall not have the benefit of the ca. sa. until the return of the fi. *361 &. and it is ascertained whether the goods, &c. levied on are sufficient to pay the debt or not. Then indeed, if the goods are insufficient, he may have his capias for the body, to satisfy the balance which may still be due or unpaid; or the whole of the debt, if all the goods are exhausted by prior executions. If however he makes use of his ca. sa, before the return of the fi fa. then it is using them both at the same time; which is contrary to law, and both are liable to be quashed, as mentioned in the authorities before laid down. In the present case, it appears that the plaintiff did give orders to the sheriff to proceed on the ca. sa.'while thefi. fa. was in the hands of the bailiff, and while the goods levied on remained unsold in the defendant’s store; but this ca. sa was never served, as the defendant, Wooley, died immediately after the orders given to proceed on the ca. sa. or about the same time. I am however, clearly of opinion that this order to proceed on the ca. sa. was irregular under the foregoing circumstances; and that if it had been served on the defendant, before he died, both executions would have been liable to be quashed. Thus far I have considered the law upon lodging two executions in the sheriff’s office at the same time, and the principles by which they ara to be respectively governed.
The next point for consideration is, whether the sheriff can be made responsible for a debt under the foregoing circumstances, and also to what extent he is responsible. If the sheriff can be made responsible in this case, it must be for nonfeasance. .He has not been charged with any escape or false return or any thing else that will amount in law to a misfeasance. As to his ' conduct in executing the fi. fa. which he had orders first to proceed upon, he is not chargeable with any omission or neglect of duty in executing that process; it is not even alleged by the plaintiffs themselves, that he had been guilty of neglect;, for it appears that he obeyed the mandate of the fi'. fa. promptly and' without delay, by making a levy on the goods of the defendant’s store; and the bailiff, Bonner, proved that this levy was made on the goods in the store before any orders were given to proceed upon the ca. sa. so that it is very evident he was not guilty of any neglect in proceeding on the fi. fa. agreeably t<> *362 the first orders given; and if the plaintiff did not obtain satisfaction of his debt from the levy under the fi. fá. it was not the sheriff’s fault; the amount of sales was absorbed by prior executions, which could only be known after the sales were made and closed. Then as to the ca. sa. if the loregoing rules are correct? it would have been illegal in the sheriff to have taken the body of defendant, while the proceedings were going on under the ii. fa. and until there was a return of that execution; and if the sheriff had proceeded on the ca. sa. and taken the defendant’s body while the fi. fa. was in active operation, it would have been proceeding on both executions at the same time, contrary to law, and the sheriff would have been liable for false imprisonment. But the act of God prevented him from obeying the orders of the plaintiff, by the defendant’s death, and here was an end of the ca. sa. and all orders under it. From this view of the subject then, it does not appear to me that the sheriff was guilty of any culpable omission of duty for not serving this ca-pias on defendant.
The next branch of this second division of the subject is, admitting for argument sake, that the sheriff could be made liable for not arresting the defendant on the ca. sa. to what extent is he liable? Upon this point the law is clear, that if a sheriff does not execute a writ lawfully delivered to him or makes a false return or suffers a prisoner to escape, he is liable to an action for damages, to be assessed by a jury; or if after judgment, a- gaoler or sheriff permits a debtor to escape, the debt becomes his own, as laid down in 3 Blackstone 165, and he is liable .for the whole debt. In estimating or assessing these damages however by a jury, in the case of Bonafous, vs. Walker, it is laid down that the party who suffers by an escape or false return, shall have the same remedy against the gaoler or sheriff, which he could have had against the original debtor; 2 Term Rep. 132. and Buller, in his opinion in that case, says that the party who suffers by an escape, shall have the same remedy against the gaoler, as against the debtor, but he cannot recover more than he could have recovered against the original debtor. Grose, J, That in an action for an escape, the jury,are *363 at liberty to give such damages as they shall think right, under all circumstances of the case, and a shilling is frequently sufficient; for many cases arise of great hardship against a gaoler. Ashurst, J. declared himself of the same opinion. In first Johnson's N. Y. Reports, 316, it is laid down that the poverty of one Briggs, the defendant, who escaped and who was proved to • be insolvent, might be given in evidence and considered by the jury in mitigation of damages against a sheriff. From the-authorities last quoted, it appears evident that the damages against a sheriff-for negligence or nonfeasance ought to depend on the capacity or ability of debtor escaping to pay and satisfy-the debt for which he was imprisoned; that is, if hé the defendant was able to pay the debt, had he been kept in custody, .then the sheriff should be made liable for the whole amount;' but if on the contrary, hé was poor and in insolvent circumstances, he should be discharged or let off with mere nominal damages. Wherever a sheriff acts with reasonable diligence and attention to his duty, he deserves the protection of a court and jury, and it would be cruel and unjust to subject him to the payment of a large sum of money, for a man who was to - tally unable to pay a cent. I have only quoted the above gft-thorities to shew how damages are to be regulated where a de-' fendant was legally in custody and escaped from a sheriff o? gaoler.
A third ground taken again the sheriff was, that the bailiff said the money should be fortli-coming. This was the declaration of the bailiff, and not one of his acts on behalf of his. principal, the sheriff, .and I know of no law which says the sheriff shall be liable for the words of a bailiff, further than us they are evidence of some act done by him in the line of his duty; now this declaration was not evincive of any act done by the bailiff', only that the money should be forth-coming. Make the most of it and it cannot amount to more than a promise on the part of the bailiff, that the money should be forth-coining. This might be construed into a promise on his part to bind him. but it cannot bind the sheriff. If he had said, he had received the money or that he had effects in his hands from which tlj.e- *364 ínoliey could be raised to satisfy the debt, it might have bound the sheriff. But if you connect this declaration of the bailiff with former proceedings in making a levy on the goods in defendant’s store on the fi. fa. it might be very naturally and reasonably construed into an opinion or belief that there would be enough of goods and effects to raise the money and pay off the debt, and this was previous to the sale of the goods" and any knowledge of their produce, and this appears to me to be the just inference from his declaration. Upon the whole, in whatever light this case can be viewed, 1 am of opinion that the sheriff is not liable for this debt, and that there ought to be a new trial.
Delessieline, for the motion. I
ClarJce, contra.
We concur in this opinion on the ground that the sheriff was required to have the body at the return of the writ, and as the defendant died before that time, the sheriff was exonerated.
JYott, and Ganti, justices.